## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

EDWARD WALKER

No. 3:21-cr-109 (MPS)

### RULING ON MOTION TO DISMISS

A grand jury indicted the Defendant for production of child pornography in violation of 18 U.S.C. § 2251. ECF No. 1. The Defendant moves to dismiss the Indictment, arguing that, as applied to him, Section 2251 violates the Fifth Amendment's Due Process Clause and the Tenth Amendment to the U.S. Constitution. *See* ECF No. 42. I assume familiarity with the Indictment, the parties' briefs, and the legal standards applicable to a motion to dismiss an indictment, and I set forth here only so much reasoning as is necessary to enable the parties to understand my decision. After carefully considering the Defendant's and the Government's arguments, I deny the motion to dismiss for the reasons set forth below.

The Defendant's Fifth Amendment argument is that, because the alleged victim in this case was sixteen years old when the alleged conduct occurred and "because the [video] recordings reveal that they were started by the alleged victim and capture private acts between her and [the Defendant]," ECF No. 42-1 at 1, Section 2251 is regulating the Defendant's private, consensual sexual activity and thereby infringing upon his "substantive due process right to privacy," *id.*, in violation of the Fifth Amendment. The argument relies on *Lawrence v. Texas*, 539 U.S. 558 (2003), which, the Defendant says, "held that consensual and private sexual

activity is protected under the Fourteenth Amendment and its right to substantive due process." ECF No. 42-1 at 2.[1]

As the Defendant acknowledges, however, the Court's decision in *Lawrence* took pains to emphasize that "[t]he present case does not involve minors" or others who do not consent to sexual activity in law or in fact. 539 U.S. at 578; *see* ECF No. 42-1 at 3-4. The Defendant seeks to circumvent this problem by pointing out that the age of consent in Connecticut is sixteen, and then arguing that "[t]he age of consent is one of the quintessential areas where the states are sovereign" and that "[t]he federal government…does not have the power to broadly declare an age of consent." ECF No. 42-1 at 4. This is where his argument runs into trouble. First, the authority cited for these propositions consists of two dissenting opinions and a Supreme Court opinion assessing under the Commerce Clause a law far afield from this case – one prohibiting the possession of a gun near a school. None of these authorities suggest that Congress lacks the authority to fix the age of majority in federal statutes. And, of course, Congress routinely sets the age of majority in a variety of contexts. *See, e.g.*, 8 U.S.C. § 1101(b)(1) (immigration statute defining "child," in part, as "an unmarried person under twenty-one years of age"); 30 U.S.C. § 902(g) (Black Lung benefits statute defining "child," in part, as "unmarried" and "under eighteen years of age"); 29 U.S.C. § 203 (defining "oppressive child labor" to involve employment by children under the age of sixteen or employment in certain hazardous jobs by children between ages sixteen and eighteen); *Borbonus v. Comm'r of Internal Revenue*, 42 T.C. 983, 992 (1964) (interpreting Internal Revenue Code to include uniform definition of "minor" that tracked common law definition of persons under 21 years of age); *see also U.S. v. Freeman*, 808 F.2d 1290, 1293 (8th Cir. 1987) (rejecting defendant's argument that because federal child

---

[1] *Lawrence* involved alleged action by a State, which is governed by the Fourteenth Amendment; the Defendant relies on the Fifth Amendment, which governs action of the federal government.

pornography statutes defined "minor" as person under 18, whereas Arkansas defined term as person under 16, prosecuting him under federal law for acts that were legal under state law violated Equal Protection Clause and noting that "Arkansas' decision to define minor as one under the age of sixteen in no way requires the federal government to follow suit.").

Second, to the extent the Defendant is suggesting that the regulation of child pornography exceeds Congress's power under the Commerce Clause — an argument not distinctly presented but suggested in the Defendant's brief —, the Second Circuit has squarely rejected this notion, even in an as-applied challenge where there was no evidence that the defendant intended to sell the child pornography he had produced or that it had ever entered interstate commerce.  *See U.S. v. Holston*, 343 F.3d 83, 90 (2d Cir. 2003) ("Congress understood that much of the pornographic material involving minors that feeds the market is locally produced, and this local or homegrown production supports demand in the national market and is essential to its existence.  Because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, we conclude that Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this production substantially affects interstate commerce.") (internal quotation marks and citations omitted).

Third, as the Government notes, three federal courts of appeal faced with the argument that the Supreme Court's decision in *Lawrence* invalidates prosecutions of those who produce child pornography involving 16-year-olds have rejected it, and Walker cites no authority that has accepted it.  ECF No. 52 at 2; *see U.S. v. Laursen*, 847 F.3d 1026, 1034 (9th Cir. 2017) (rejecting privacy, vagueness, and Tenth Amendment challenges to child pornography conviction involving "consensual nude 'selfies' of forty-five-year-old man and sixteen-year-old girl" because

"constitutional protection [for consensual sexual relationships between adults] has not been extended to sexual relationships between adults and children," and "[i]n any event, the prohibited conduct engaged in by Laursen was producing pornographic material involving [the minor], not simply engaging in a sexual relationship with her."); *U.S. v. Bach*, 400 F.3d 622, 629 (8th Cir. 2005) (noting that *Lawrence* protects "adults [who] engag[e] in consensual sexual relations in private," not the use of a minor to produce child pornography); *Ortiz-Graulau v. United States*, 756 F.3d 12, 21 (1st Cir. 2014) ("While consensual sexual activity between adults is constitutionally protected, a minor's willing participation in sexual conduct is not…. This protective reasoning extends to regulating child pornography…. The government's compelling interest in safeguarding the physical and psychological well-being of a minor can sustain legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights.") (internal quotation marks and citations omitted)). I agree with the Government that the holdings in these cases did not turn on whether the facts showed coercion, *see* ECF No. 52 at 5 n. 3, and, in any event, even if coercion is relevant, it presents a factual issue that cannot be decided on a motion to dismiss.

The Defendant's second argument — that his prosecution violates the Tenth Amendment — fares no better. This argument relies on the Supreme Court's decision in *Bond v. U.S.*, 572 U.S. 844 (2014), which held that a federal statute prohibiting the possession of chemical weapons did not reach a jilted wife's attempt to give her husband's lover a rash by spreading toxic chemicals on the lover's car and mailbox. The Court's holding was based on "background principles of construction" including the principle that "it is incumbent upon the federal courts to be certain of Congress' intent before finding that federal law overrides the usual constitutional balance of federal and state powers." 572 U.S. at 857, 858. The Court relied on this principle to

"resolve [an] ambiguity in [the] federal statute," which did not provide "a clear indication that Congress meant to reach purely local crimes," and held that the statute did not reach the defendant's conduct. *Id.* at 859, 860. *Bond* does not help the Defendant in this case, however, because, as the Second Circuit has held, the regulation of child pornography rests on Congress's Commerce Clause powers, and so the production of child pornography is not a "purely local crime[]" even when there is no evidence of distribution, as long as the Defendant used items that moved in interstate commerce in the production, as the Indictment in this case alleges. *See Holston*, 343 F.3d at 90 (noting that Congress determined that prohibiting even "local or homegrown production" is necessary to stop trade in the national market for child pornography); *see* ECF No. 1 at 1-2 (Indictment alleging that child pornography produced by defendant was both transported in interstate commerce and produced with materials mailed, shipped, and transported in interstate commerce). Not surprisingly, then, several courts have rejected attempts to invoke *Bond* to invalidate federal child pornography statutes. *See, e.g.*, *U.S. v. Laursen*, 847 F.3d 1026, 1035 (9th Cir. 2017) (rejecting "Tenth Amendment challenge…premised on the theory that the federal [child pornography] statutes under which [the defendant] was prosecuted usurp the state's authority to determine the age of consent for engaging in sexual relations," noting that "[i]n this case the statutes of conviction include an interstate nexus, whereas in *Bond*, the defendant was prosecuted for a garden variety assault that is ordinarily prosecuted under state law") (internal citation omitted); *U.S. v. Broxmeyer*, 2015 WL 13723067 *7 (N.D.N.Y. Mar. 23, 2015) ("The issue of child pornography is quite different, and *Bond* is inapplicable. Even if [*Bond*] did establish a new right, it would not apply here because the child pornography statute in question was clearly used to punish activity that involved interstate commerce."). And the Defendant cites no authority supporting the argument.

5

In the end, the Defendant seems to throw up his hands in exasperation at the broad scope of the interstate commerce nexus in the child pornography laws, asserting that "[v]irtually every depiction of child pornography is created using recording equipment that falls under the bare minimum interstate commerce nexus in [the federal child pornography laws]." ECF No. 42-1. The short answer to this argument is that it is foreclosed by *Holston*. *Holston*, 343 F.3d at 90 ("Because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, we conclude that Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this production substantially affects interstate commerce. Accordingly, we conclude that *insofar as § 2251(a) prohibits the production of child pornography using materials that have moved in interstate commerce, it is a permissible exercise of Congress's authority under the Commerce Clause*." (emphasis added)); *see also U.S. v. Pattee*, 820 F.3d 496, 511 (rejecting argument that "the statutory provision allowing for the interstate commerce nexus to be met when the pornography is produced with equipment manufactured outside New York is not constitutionally adequate" as "foreclosed by *Holston*").

Finally, the Defendant's brief makes a cursory reference to "overbreadth," a First Amendment doctrine, without articulating any argument that the child pornography production statute violates the First Amendment. ECF No. 42-1 at 9. In any event, the Supreme Court rejected a First Amendment challenge to child pornography statutes over four decades ago. *New York v. Feber*, 458 U.S. 747 (1982) (child pornography not protected by First Amendment as long as statutory prohibitions are adequately defined). Because the Defendant does not fully articulate or develop this argument, I will not address it further.

For these reasons, the Defendant's motion to dismiss (ECF No. 42) is DENIED.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                March 31, 2023